IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL DONALD OWSLEY, )
Register No. 122118, )
 )
         Plaintiff, )
 )
    v. ) No. 04-4207-CV-C-NKL
 )
JILL McGUIRE, et al., )
 )
         Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, while an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants filed a motion for summary judgment on June 17, 2005. Pursuant to an interlocutory notice of appeal to the United States Court of Appeals for the Eighth Circuit, plaintiff's case was stayed. On September 6, 2005, the Appellate Court issued a judgment dismissing plaintiff's claims for lack of jurisdiction. On October 12, 2005, the stay of plaintiff's claims was lifted and plaintiff was ordered to show cause by November 1, 2005, why defendants' motion for summary judgment should not be granted. Plaintiff has failed to respond to that order.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Upon review of defendants' motion for summary judgment, and there being no response from plaintiff, this court finds defendants' motion has merit, and should be granted.

Plaintiff claims that defendants knowingly forced him to work beyond his capabilities. Plaintiff alleges that he was physically disabled and, therefore, should have been placed on a medical "no work" restriction, which would have kept him from holding any type of job within the prison. The documents submitted by defendants, however, clearly indicate plaintiff was not placed on "no work" status until September 15, 2004. Prior to such date, plaintiff's requests for "no work" status were denied by Correctional Medical Services (CMS) personnel. No CMS personnel have been named as defendants in plaintiff's complaint.

Plaintiff's claims come under the provisions of the Eighth Amendment to the United States Constitution. Prison officials who knowingly require an inmate to perform physical labor which is beyond his strength, endangers his life or health, or is unduly painful, violate the Eighth Amendment's prohibition of cruel and unusual punishment. Franklin v. Banks,

979 F.2d 1330, 1332 (8th Cir. 1992) (citing Ray v. Mabry, 556 F.2d. 881, 882 (8th Cir. 1977) (per curiam)).

In the instant case, plaintiff requested to be put on a no-work restriction based upon his self-proclaimed disability which was not supported by medical personnel or records. An inmate's uncorroborated allegation of a need for specific medical care, in this case the need for a medical no-work restriction, is insufficient to support a deliberate indifference claim. Crooks v. Nix, 872 F.2d 800, 803 (8th Cir. 1989). Moreover, prison officials who lack medical expertise cannot be held liable for medical staff's diagnostic decisions. Id. Thus, defendants, none of whom are medical personnel, are entitled to rely on the expertise of CMS personnel, who had determined plaintiff's medical status to be "full duty" until September 15, 2004.

The court finds there to be no dispute of material fact as to plaintiff's claims. Based upon the undisputed material facts, no reasonable jury could find defendants violated plaintiff's constitutional rights by forcing him to work, when medical personnel had determined plaintiff to be medically eligible for "full duty" work within the prison. Defendants' motion for summary judgment appears to have merit and should be granted. Plaintiff's claims challenging being forced to work beyond his capabilities should be dismissed.

On October 26, 2005, plaintiff filed a motion for appointment of counsel. In light of the foregoing, plaintiff's motion will be denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [48]. It is further

RECOMMENDED that defendants' motion for summary judgment be granted, and plaintiff's claims be dismissed, with prejudice [37].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 31st day of January, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4

Case 2:04-cv-04207-NKL   Document 51   Filed 01/31/06   Page 4 of 4