IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL DONALD OWSLEY, )
Register No. 122118, )
                                                         Plaintiff, )
)
                                                         v. ) No. 04-4207-CV-C-NKL
)
JILL McGUIRE, et al., )
)
                                                     Defendants. )

**ORDER**

      On January 31, 2006, the United States Magistrate Judge recommended that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

      The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on February 22, 2006, and the October 18, 2005 filing referenced in plaintiff's exceptions. The issues raised in plaintiff's exceptions and his filing of October 18, 2005, were adequately addressed in the report and recommendation.

      Although plaintiff requested to be put on a no-work restriction based upon his self-proclaimed disability, such disability was not supported by medical personnel or records. An inmate's uncorroborated allegation of a need for specific medical care, in this case the need for a medical no-work restriction, is insufficient to support an Eighth Amendment claim of deliberate indifference. Crooks v. Nix, 872 F.2d 800, 803 (8th Cir. 1989). Moreover, prison officials who lack medical expertise cannot be held liable for medical staff's diagnostic decisions. Id. Thus, defendants, none of whom are medical personnel, are entitled to rely on the medical expertise of Correctional Medical Services personnel, who had determined plaintiff's medical status to be "full duty" until September 15, 2004.

      To the extent plaintiff relies upon his interlocutory appeal with the Eighth Circuit Court of Appeals seeking review of this court's March 28, 2005 order dismissing his ADA claims, and

a subsequent petition for writ of certiorari, the court finds such appeals have been dismissed and/or denied.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Magistrate Judge's January 31, 2006 Report and Recommendation is adopted [51]. It is further

ORDERED that defendants' motion for summary judgment is granted and plaintiff's claims are dismissed [37].

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: March 22, 2006
Jefferson City, Missouri

2